## CIRCUIT COURT OF ALBEMARLE COUNTY

Romenesko

v.

Romenesko

October 3, 1991

Case No. (Chancery) 5039

By JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on the Motion to Quash a writ of subpoena *duces tecum*, issued by the Clerk of the Court for financial records submitted by Jean A. Romenesko to qualify for Legal Aid services from May 10, 1990, to present. The basis of the Motion to Quash was that such records were confidential under the attorney-client privilege. Jean A. Romenesko filed an affidavit with the Court asserting the privilege and requested that the material not be disclosed. A hearing was held before the Court on September 18, 1991, at which time argument was presented to the Court.

The facts presented to the Court are that Jean A. Romenesko went to the Charlottesville-Albemarle Legal Aid Society to inquire about possible representation. As indicated in Mr. Wayland's letter to the Court of September 27, 1991, the first step for Mrs. Romenesko was "to talk to our intake paralegal to have a determination made regarding their financial eligibility under Legal Aid guidelines." After that information was acquired, a determination was made that she was eligible for Legal Aid services. At that point she was given an appointment with a staff attorney to discuss the matter about which she sought legal advice and received advice.

The question presented is whether or not there was an attorney-client relationship which protected the informa-

tion conveyed in the form of financial information given and recorded at the meeting with the intake paralegal.

Professor Friend in his treatise on *Law of Evidence in Virginia*, § 65, "Attorney and Client" at 182-186 notes: "Communications between lawyer and client are privileged to the end that the client be free to make a full, complete and accurate disclosure of all facts, unencumbered by fear that such true disclosure will be used or divulged by his attorney, and without fear of disclosure by any legal process." *Id*. at 182-83.

Additionally, communications made before such a relationship has been established are not privileged. Professor Friend comments "[t]here is occasionally some difficulty in determining when the relationship exists, but the test seems to be whether or not the communication was made to the attorney in the attorney's professional capacity and by virtue of the fact that the attorney was an attorney." *Id*. at 183.

The Supreme Court of Virginia in *Commonwealth v. Edwards*, 235 Va. 499 (1988), further noted "[t]he privilege attaches to communications of the client' made to the attorney's agents, including accountants, when such agent's services are indispensable to the attorney's effective representation of the client." *Id*. at 509.

Furthermore, the Supreme Court noted that "[t]he proponent has the burden to establish that the attorney-client relationship existed, that the communications under consideration are privileged, and that the privilege was not waived." *Id*. at 509.

Lastly, *Commonwealth v. Edwards, supra*, affirms that "the privilege is an exception to the general duty to disclose, is an obstacle to the investigation of the truth, and should be narrowly construed." *Id*. at 509.

In his letter to the Court of September 27, 1991, Edward M. Wayland, Director of the Charlottesville-Albemarle Legal Aid Society, made the following comment, "The intake paralegal also gives legal advice during the initial interview if the case falls into certain categories where she is authorized to do so." The Court finds that if as a matter of law she has the ability to give legal advice as a paralegal, she would have to have derived that authority from an attorney in the office who had formed an attorney-client relationship with Mrs. Romenesko. The facts

set forth herein simply do not show the creation of an attorney-client relationship which attached for the paralegal to receive information from Mrs. Romenesko of a confidential nature.

Accordingly, the Motion to Quash is denied.